21CA2025 Peo v Valdez 10-02-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 21CA2025
Pueblo County District Court No. 19CR2078
Honorable Deborah R. Eyler, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Bernie Anthony Valdez,

Defendant-Appellant.

JUDGMENT AFFIRMED, ORDER VACATED,
AND CASE REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE FOX
Schutz and Moultrie, JJ., concur

Prior Opinion Announced April 25, 2024, Vacated in 24SC382

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 2, 2025

Philip J. Weiser, Attorney General, Sonia Raichur Russo, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Sean James Lacefield, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     This case is before us again after the Colorado Supreme Court vacated our opinion in *People v. Valdez*, (Colo. App. No. 21CA2025, Apr. 25, 2024) (not published pursuant to C.A.R. 35(e)) (*Valdez I*), and remanded with directions for us to reconsider *Valdez I* in light of *Snow v. People*, 2025 CO 32. *People v. Valdez*, (Colo. No. 24SC382, Aug. 4, 2025) (unpublished order).

¶ 2     In *Valdez I*, defendant, Bernie Anthony Valdez, challenged his convictions for sexual assault against a child under section 18-3-405(1), C.R.S. 2025, the district court's application of an aggravated sex offense sentence enhancer under section 18-1.3-1004(1)(e)(I), C.R.S. 2025, and its restitution order; we affirmed. *Valdez I*, slip op. at ¶¶ 1, 77. Because the supreme court remanded this case for reconsideration only in light of *Snow*, which addresses issues related only to restitution, we limit our reconsideration to Valdez's challenges to the restitution order and otherwise incorporate by reference *Valdez I*.

¶ 3     We offered the parties the opportunity to provide supplemental briefs. Having considered those briefs, we agree with the parties that, pursuant to *Snow*, Valdez is not liable to pay any amount of restitution. We therefore vacate Valdez's restitution order and

1

remand for the district court to enter an order pursuant to section 18-1.3-603(1)(d), C.R.S. 2021,[1] that no restitution is owed.

## I. Background

¶ 4      At Valdez's October 29, 2021, sentencing hearing, the district court asked the prosecution if there was "anything else." The prosecutor stated, "I am going to ask the court to reserve restitution for victim compensation." The district court responded, "So, I'll reserve restitution, the District Attorney needs to file a motion within 42 days of today's date. The Defense will have 14 days to object thereafter." The hearing ended without further discussion or objection.

¶ 5      The prosecution submitted its restitution motion four days later, on November 2, 2021, and requested $2,440.14, payable to

---

[1] When Valdez's restitution order issued, district courts had ninety-one days following the order of conviction to determine the specific amount of restitution. § 18-1.3-603(1)(b), C.R.S. 2021. In 2025, the General Assembly amended the deadline such that district courts must determine the specific amount of restitution within sixty-three days following the later of (1) the prosecution's presentation of restitution information as required by section 18-1.3-603(2)(a), C.R.S. 2025; or (2) the order of conviction. Ch. 307, sec. 1, § 18-1.3-603(1), (1)(b), 2025 Colo. Sess. Laws 1606. All citations to section 18-1.3-603 in this opinion are to the 2021 version.

Colorado's Crime Victim Compensation fund, to cover the victim's therapy sessions (from April 2020 through November 2021).

¶ 6 The defense never responded to the prosecution's motion for restitution; thus, the trial court granted the motion on November 28, 2021, awarding restitution in the amount requested.

## II. *Valdez I* Procedural History

¶ 7 In *Valdez I*, Valdez contended that the district court lacked authority to order restitution pursuant to *People v. Weeks*, 2021 CO 75, and section 18-1.3-603 and argued the restitution order had to be vacated. *Valdez I*, slip op. at ¶ 66. Valdez further argued that the prosecution did not request a specific amount of restitution or identify why it lacked the necessary information at the sentencing hearing, instead only "reserving restitution" before later providing the required information. *Id.* The prosecution countered that this argument misinterpreted *Weeks*'s holding and section 18-1.3-603's requirements and argued that Valdez waived his objection to the restitution order by failing to object contemporaneously or in response to the motion. *Valdez I*, slip op. at ¶ 66.

¶ 8 We concluded that because the district court awarded restitution within section 18-1.3-603(1)(b)'s deadline, it had

3

retained its authority to order restitution. *Valdez I*, slip op. at ¶ 76. We therefore affirmed the restitution order without addressing the prosecution's contention that Valdez waived his objection. *Id.* at ¶ 76 & n.6. We now reconsider that conclusion with the benefit of *Snow*.

### III. Standard of Review and Applicable Law

¶ 9 "Questions of statutory interpretation are questions of law" that we review de novo. *Weeks*, ¶ 24. Additionally, "district courts have the inherent authority to manage their dockets through scheduling orders." *People v. Owens*, 2014 CO 58M, ¶ 16.

¶ 10 Section 18-1.3-603(1) mandates that restitution be considered in nearly every order of conviction. Orders of restitution that obligate a defendant to pay restitution but do not specify the exact amount when they are issued carry specific requirements. *See* § 18-1.3-603(1)(b). Such orders impose a duty on the district court to ensure that "the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined." *Id.*; *see also Weeks*, ¶ 5 ("[T]he deadline in subsection (1)(b) refers to

the court's determination of the restitution amount the defendant must pay, not to the prosecution's determination of the proposed amount of restitution."). However, a district court lacks authority to order restitution beyond the ninety-one-day statutory deadline without good cause. *See Weeks*, ¶ 45.

¶ 11   Section 18-1.3-603(2)[2] also imposes a duty on the prosecution to exercise reasonable diligence to "determine the amount of restitution . . . and present [it] to the court" at or before the sentencing hearing. If the prosecution does not meet this requirement, however, the district court does not automatically lose authority to enter restitution. *See Weeks,* ¶¶ 6-8.

¶ 12   In *Snow*, ¶ 22, the Colorado Supreme Court held that a district court cannot not issue an order that simply reserves "the issue of restitution in its entirety," rather than just the specific amount of restitution. Because such orders are not one the four types of restitution orders recognized by section 18-1.3-603(1), they constitute sentences unauthorized by law, and challenges to such

---

[2] Because subsection (2) of section 18-1.3-603, C.R.S. 2021, was amended after the court entered Valdez's restitution order, this opinion also cites the 2021 version of subsection (2). *See* Ch. 263, sec. 3, § 18-1.3-603(2), 2022 Colo. Sess. Laws 1926-27.

orders are cognizable as illegal sentence claims under Crim P. 35(a). *Snow*, ¶¶ 1, 20-23.

¶ 13     The court distinguished *Snow* from *Weeks*, which focused on the ninety-one-day deadline in section 18-1.3-603(1)(b), by noting that "the subsection (1)(b) deadline [wa]s inapposite . . . because the district court never entered a subsection (1)(b) order. Rather, at sentencing, the court merely reserved the issue of restitution in its entirety, an order not authorized by subsection (1)." *Snow*, ¶ 27. The supreme court noted that, unlike in *Weeks*, "the record of the district court proceedings [wa]s barren of an explicit or implicit finding of restitution liability either before or during the sentencing hearing." *Snow*, ¶¶ 28-29. The court therefore held that, as with an untimely restitution order under subsection (1)(b), when an order purports to reserve restitution in its entirety, "the sole remedy consistent with the legislative intent behind [section 18-1.3-603(1)], is vacatur of the . . . restitution order and entry of an order pursuant to subsection (1)(d) that there is no restitution owed." *Snow*, ¶ 38.

## IV. Valdez's Restitution Order in Light of *Snow*

¶ 14    The record does not disclose why the prosecution did not have records of the victim's therapy costs available at or before the sentencing hearing. The prosecution's briefing suggests that the therapy invoices were not sent to the district attorney's office, but it points to nothing in the record showing the prosecution tried to locate this information but could not.

¶ 15    Based on the transcript from the sentencing hearing, it appears that the prosecution here followed the "[o]ld habits" that *Weeks* explicitly disapproved of, wherein the prosecution would reserve restitution for a later date and file a motion providing the specific amount later. *Weeks*, ¶¶ 1-10. And seemingly in an effort to ensure that restitution was ordered within the ninety-one-day limit, the district court here ordered the prosecution to file its restitution motion within forty-two days. The prosecution ultimately complied with that order.

¶ 16    In *Snow*, ¶ 28, the supreme court emphasized that while *Weeks* "touched on the impropriety of reserving the issue of restitution in its entirety at sentencing, our discussion reflected that the trial court had invoked subsection (1)(b), which permits a

finding of restitution liability at sentencing and postponement of the determination of the amount of restitution until after sentencing."

¶ 17 The supreme court also noted that "the issue of restitution was conspicuously absent from the plea agreement and the providency hearing, and the colloquy between the court and the prosecution at the sentencing hearing left no doubt that everyone intended to defer until after sentencing the issue of restitution in its entirety." *Snow*, ¶ 29. Thus, the supreme court concluded there was "no basis . . . to infer that the only issue the district court deferred until after the sentencing hearing was the determination of the amount of restitution." *Id.*

¶ 18 The result of this dynamic is that we must carefully scrutinize whether the district court here implicitly or explicitly (1) ordered restitution but reserved only the amount or (2) reserved restitution entirely. If it reserved restitution entirely, then the restitution order cannot stand. *See id.* at ¶ 38.

¶ 19 Here the prosecution explicitly asked that the court "reserve restitution," and the court granted the request, noting that the parties could later file motions on the subject. The court did not explicitly or implicitly deem Valdez liable for restitution generally

while reserving only a determination of the specific amount of restitution. *See Tennyson v. People*, 2025 CO 31, ¶¶ 3, 10 (The "district court imposed a sentence that implicitly obligated the defendant . . . to pay restitution and postponed the determination of the amount of restitution until a later date" when the court "gave the prosecution '[ninety] days to determine,' not whether there would be restitution, but rather '*what restitution is due and owing*.'"). The prosecution's motion for restitution stated, "At sentencing, the defendant was ordered to pay restitution, the amount of which [was] to be determined and submitted to the Court within forty-two (42) days." Thus, the prosecution apparently believed that restitution had been ordered and that only the specific amount of restitution remained to be determined. And the court ordered a specific amount of restitution within section 18-1.3-603(1)(b)'s ninety-one-day deadline.

¶ 20    In light of *Snow*, however, and in the absence of any record support allowing us to conclude that the court had determined that Valdez was liable for restitution, we cannot conclude that the court complied with section 18-1.3-603(1)(b). *See Snow*, ¶¶ 27-29. Rather, the record supports the contention that the court

improperly reserved both the question of whether restitution was owed and, if so, the amount thereof. *See id.* at ¶¶ 22-23. The restitution order therefore constituted an illegal sentence because it was not one of the four types of restitution orders authorized by section 18-1.3-603(1), and it must be vacated and replaced with an order pursuant to section 18-1.3-603(1)(d) that Valdez owes no restitution. *See Snow,* ¶¶ 22-23, 38.

## V. Disposition

¶ 21 We vacate the district court's order imposing restitution and remand for the court to enter an order pursuant to section 18-1.3-603(1)(d) that there is no restitution owed. We otherwise affirm Valdez's convictions and sentence as detailed in *Valdez I.*

JUDGE SCHUTZ and JUDGE MOULTRIE concur.